AO 106 (Rev. 04/10) Application for a Search Warrant    AUTHORIZED AND APPROVED/DATE: s/Drew E. Davis 11/10/2025

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of )
*(Briefly describe the property to be searched or identify the person by name and address)* )
A GRAY SAMSUNG MODEL S21 CELLULAR PHONE, A RED APPLE IPHONE, A BLACK APPLE IPHONE, AND A BLUE MOTOROLA CELLULAR PHONE CURRENTLY LOCATED AT THE DEA 901 N.E. 122ND ST. STE., 200, OKLAHOMA CITY, OKLAHOMA 73114 )

Case No. M-25- 641 -CMS

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

Located in the Western District of Oklahoma, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Drug Conspiracy |

The application is based on these facts:
See attached Affidavit of DEA Special Agent, Brian Smith

☐ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days:(_____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Brian Smith, Special Agent, DEA
Printed name and title

Sworn to before me and signed in my presence.

Date: November 10, 2025

_____
Judge's signature

City and state: Oklahoma City, Oklahoma

Chris M. Stephens, United States Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **A GRAY SAMSUNG MODEL S21 CELLULAR PHONE, A RED APPLE IPHONE, A BLACK APPLE IPHONE, AND A BLUE MOTOROLA CELLULAR PHONE CURRENTLY LOCATED AT THE DEA, 901 N.E. 122ND ST., OKLAHOMA CITY, OKLAHOMA 73114** | Case No.  M-25-        -CMS |

**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT**

I, Brian Smith, being duly sworn, depose and state as follows:

**Introduction and Agent Background**

1. I have been employed as a Special Agent with the United States Department of Justice, Drug Enforcement Administration (DEA) since September 2025. I am a graduate of the Drug Enforcement Administration Basic Agent Academy and assigned to the Oklahoma City District Office. As a Special Agent with DEA, I have received training and have participated in investigations related to illicit drugs and the distribution of illicit drugs in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), 846, and others. I have participated in many aspects of drug investigations including the following: surveillance; search warrants; arrests; and debriefing defendants and informants who had personal knowledge regarding major narcotics trafficking organizations. I have engaged in conversations with and been in the company of

other experienced local, state and federal law enforcement officers as well as prosecuting attorneys representing federal systems concerning narcotics and dangerous drug trafficking activities and criminal violations. In the course of investigations which I have been party to, I have become familiar with the clandestine business practices of drug traffickers and illicit drug traffickers. As a DEA Special Agent, I am an investigative law enforcement officer of the United States of America within the meaning of Title 21, United States Code, Section 878 that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 878.

2. I am currently investigating **Isaias Salazar (SALAZAR)** (DOB: XX/XX/1980) for, *inter alia*, drug conspiracy, in violation of 21 U.S.C. § 846. I am submitting this Affidavit in support of a search warrant authorizing a search of four cellular phones found in **SALAZAR's** possession— (1) a gray Samsung model S21 cellular phone (**SUBJECT PHONE 1**); (2) a red Apple iPhone (**SUBJECT PHONE 2**); (3) a black Apple iPhone (**SUBJECT PHONE 3**); and (4) a blue Motorola cellular phone (**SUBJECT PHONE 4**)—as further described in **Attachment A**, which is incorporated into this Affidavit by reference. The **SUBJECT PHONES** are currently in the possession of the DEA in the Western District of Oklahoma. I am submitting this Affidavit in support of a search warrant authorizing a search of the **SUBJECT PHONES** for the items specified in **Attachment B** hereto,

wherever they may be found, and to seize all items in **Attachment B** as instrumentalities, fruits, and evidence of the aforementioned crime.

3. Because this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with witnesses and other law enforcement officers, and my review of documents and records.

## Probable Cause

4. On October 26, 2025, the Criminal Interdiction Team of Central Oklahoma (CITCO) were conducting patrol duties on east bound Interstate 40 (I-40) in Oklahoma County. At approximately 10:00 a.m., Oklahoma County Sherriff's Office (OCSO) Deputy Flemming observed a grey Ford Escape, California license plate 9HXB336, make an unsafe lane change from the number two to three lane. Deputy Flemming initiated a traffic stop, which occurred in vicinity of mile marker 150 on I-40. During the traffic stop law enforcement identified **SALAZAR** as the driver and sole occupant of the vehicle. The vehicle was determined to be owned by a third-party company.

5. During the traffic stop, Deputy Flemming asked **SALAZAR** to exit his vehicle and walk to the marked OCSO vehicle so that the deputy could conduct his required records check related to the traffic stop. While conducting his enforcement checks, Deputy Flemming asked **SALAZAR** about his travel plans. **SALAZAR** stated that he was driving from California to Oklahoma City to replace some computer parts at a local business. When Deputy Flemming asked which business, **SALAZAR** could not provide an answer and appeared to search local businesses on his cellphone. **SALAZAR** then stated that he was going to Metro Ford dealership. When Deputy Flemming asked **SALAZAR** where he was staying in town, **SALAZAR** said that he did not know, but that he needed to find a hotel. When asked if everything in the vehicle was his, **SALAZAR** confirmed that everything in the vehicle was his. During this conversation, Deputy Flemming noticed what he believed to be evidence of extreme nervousness: specifically, **SALAZAR** was breathing and blinking rapidly, and he repeatedly failed to make eye contact.

6. Due to the suspicious nature of **SALAZAR's** responses and his behavior, Deputy Flemming asked **SALAZAR** for consent to search his vehicle which **SALAZAR** denied. Deputy Flemming then called for assistance and an additional OCSO deputy arrived to assist. Deputy Flemming then utilized his certified K-9 partner to conduct a free air sniff while **SALAZAR** sat in the backseat of a police vehicle. While the K-9 conducted the free air sniff,

**SALAZAR** was recorded on video making statements to the effect of "I'm fucked," "please don't find anything," and "I did this just for money." The K-9 positively alerted to the odor of narcotics, and the vehicle was subsequently searched.

7. Hidden within an aftermarket compartment behind the passenger side glove box, Deputy Flemming recovered a clear wrapped bundle which appeared to contain a white powder. Based on his training and experience, Deputy Flemming believed the clear wrapped bundle to contain controlled substances. Because the substance could have potentially contained fentanyl, which can be deadly if touched or ingested, no field test was conducted on the roadside. **SALAZAR** was placed under arrest, and the grey Ford Escape was towed to CITCO headquarters for a secondary search.

8. During a secondary search of the Ford Escape, officers located two similarly wrapped bundles under the seats of the vehicle and an aftermarket compartment constructed on the driver's side. Law enforcement identified an inconsistent pattern of screws and other hardware used to affix the compartment to the bottom of the vehicle. In the driver's side door, law enforcement found a screwdriver which matched the pattern and size of the screws used to secure the compartment. Inside the compartment, law enforcement recovered approximately 17 similarly wrapped bundles containing white powder. A field test was conducted on the white powder in

one of the bundles which indicated a presumptive positive for fentanyl. The overall weight of the seized bundles was 22,212.3 grams. Based on my training and experience, I know that this amount of fentanyl far exceeds user quantities of the drug.

9. Inside the Ford Escape, law enforcement also found a fishing pole which appeared to have been modified so that one guide ring on the end of the pole had been bent into a hook. It appeared to officers that the fishing pole had been fashioned as a tool to retrieve the bundles from the aftermarket compartment.

10. Officers also located a roll of packing tape, two boxes of latex gloves, and $3,000 in cash in the Ford Escape.

11. Inside the passenger compartment of the Ford Escape, law enforcement located **SUBJECT PHONES 1**, **2**, and **3**. On one of the phones, a map was opened with what appeared to be an entered destination of South Carolina.

12. On October 29, 2025, during an inventory search of the vehicle prior to its release to the registered third-party owner, officers located **SUBJECT PHONE 4** in the center console of the Ford Escape.

13. Based on my training and experience, I know that those engaged in drug trafficking often carry multiple cellular phones to maintain contact with other co-conspirators and avoid detection and tracking by law

enforcement. Such cellphones and their associated memory cards commonly contain electronically stored information which constitute evidence, fruits, and instrumentalities of drug trafficking offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, messages within applications, e-mail messages, call logs, photographs, and videos. This is particularly true when an individual, such as **SALAZAR**, is traveling long distances with a large quantity of illegal narcotics. In such instances, the transporter often maintains contact with his associates to ensure that the transportation goes smoothly.

14. Additionally, based on my training and experience, I know that DTOs often use vehicles that belong to third parties to minimize the monetary loss to the DTO should the vehicle be stopped and seized by law enforcement.

## CONCLUSION

Based on the above information, I submit that there is probable cause to believe that a violation of 21 U.S.C. § 846 has occurred within the Western District of Oklahoma, and that evidence, fruits, and instrumentalities of this offense are located on the **SUBJECT PHONES**. Therefore, I respectfully request that this Court issue a search warrant for the **SUBJECT PHONES** described in **Attachment A** authorizing the seizure of the items described in **Attachment B**.

Respectfully submitted,

BRIAN SMITH
Special Agent
Drug Enforcement Administration

SUBSCRIBED AND SWORN to before me this 10th day of November 2025.

CHRIS M. STEPHENS
United States Magistrate Judge

# ATTACHMENT A

The property to be searched is:

- a gray Samsung model S21 cellular phone (**SUBJECT PHONE 1**),
- a red Apple iPhone (**SUBJECT PHONE 2**),
- a black Apple iPhone (**SUBJECT PHONE 3**), and
- a blue Motorola cellular phone (**SUBJECT PHONE 4**)

(hereinafter the **SUBJECT PHONES**).

The **SUBJECT PHONES** are currently in possession of the DEA in the Western District of Oklahoma, and are shown below.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, DEA may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.



Gray Samsung Model S21 Cellular Phone (**SUBJECT PHONE 1**)



Red Apple iPhone (**SUBJECT PHONE 2**)



Black Apple iPhone (**SUBJECT PHONE 3**)

No Photos of the Blue Motorola Cellular Phone (**SUBJECT PHONE 4**).

## ATTACHMENT B

## LIST OF ITEMS TO BE SEIZED

1. All records on the **SUBJECT PHONES**, described in **Attachment A**, that relate to violations of 21 U.S.C. § 846, including:

   a. any information recording **SALAZAR's** schedule or travel;

   b. lists of customers and co-conspirators, and related identifying information including images and videos;

   c. records of communications with customers or co-conspirators, whether such communications be a telephone call, text message (e.g., SMS or MMS), instant message, audio message, video message, or communication through an application stored on the phone;

   d. images or videos of drugs;

   e. records detailing the types, quantity, and prices of drugs as well as dates, places, and amounts of specific drug-related transactions;

   f. any information related to the sources of drugs, including names, addresses, phone numbers, or any other identifying information;

   g. any audio recordings, pictures, video recordings, or still-captured images on the **SUBJECT PHONES** related to the purchase, sale, transportation, storage, or distribution of drugs or the collection, transfer, or laundering of drug proceeds;

   h. all bank records, checks, credit card bills, account information, and other financial records;

   i. all records, including internet usage history, related to drug trafficking, including package tracking, electronic or internet mail communications, and electronic payment receipts;

   j. any location data related to the acquisition, transportation, or distribution of drugs;

    l. evidence of user attribution showing who used or owned the **SUBJECT PHONES** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

        1. records of Internet Protocol addresses used;

        2. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

        3. photographs, logs, phonebooks, saved usernames and passwords, and documents;

    m. contextual information necessary to understand the evidence described in the attachment.

As used above, the terms "records" and "information" include all the foregoing items of evidence in whatever form and by whatever means they may have been created or stored on the **SUBJECT PHONES**.